THE BOARD OF COUNTY COMMISSIONERS OF WASHINGTON COUNTY v. OTIS NESBIT.

#### No. 320.

1. PRINTER'S FEES — *Election Law — Liability of County*. A county is primarily liable to the printer for the publication of the list of nominations required to be published under the provisions of chapter 78, Laws of 1893, known as the Australian ballot law.

2. —————— *Legal Rates, Properly Charged, When.* In the absence of any agreement to the contrary, a printer is entitled to the legal rates for publishing the list of nominations required to be published by the Australian ballot law.

Error from Washington district court; F. W. STURGES, judge. Opinion filed June 20, 1898. Affirmed.

*T. P. Roney*, for plaintiffs in error.

*Fred Powell*, and *Joseph G. Lowe*, for defendant in error.

The opinion of the court was delivered by

MCELROY, J. : This action was brought by Otis Nesbit against the board of county commissioners of Washington county. The plaintiff alleges that he was the editor and proprietor of *The Watchman*, a

newspaper printed in Washington county; that on
October 20, 1896, the county clerk designated *The
Watchman* as one of the papers in which should be
published the list of nominations to be voted for at
the general November election of that year; that the
list of nominations was published at the legal price
for such publication, to wit, one dollar per square—
$312; that the plaintiff filed a verified itemized ac-
count of his claim for the amount due; that the board
of county commissioners offered to pay the claim in
the sum of $104; and that the county was justly in-
debted to the plaintiff by reason of the premises in
the sum of $312, with interest.

The defendants filed answer :   (1) A general denial;
(2) that the plaintiff made and entered into a con-
tract with the county clerk to print the list of nomi-
nations as required by law, and that his charges
therefor were not to exceed one-half of the legal rate
for such services;   (3) a special denial that the county
clerk or any person on behalf of the county made a
contract with the plaintiff by which the county was
to pay for the printing.

A trial before the court and a jury was had, and the
court directed the jury to return a verdict for the plain-
tiff for the amount claimed, with interest, in the sum
of $319.80.   The defendants filed a motion for a new
trial, which was overruled, and present the case to
this court for review.

The assignments of error present but two questions :
First, Does the petition state a cause of action?   It
seems to be practically conceded by the plaintiff in
error that the petition states a cause of action, if the
county is liable for the payment of the expense of pub-
lishing the list of nominations.   The printing for
which the plaintiff sought to recover was done in pur-

suance of chapter 78, Laws of 1893, known as the Australian ballot law. The petition states that the plaintiff's newspaper was designated by the county clerk as one of the two papers in which should be published the list of nominations; that the list was published; that the legal rate for the work done amounted to $312, with interest; that he presented his verified account for payment; and that the commissioners offered to pay the demand in the sum of $104, which he declined. Section 1 of the act provides that the printing and distribution of ballots shall be at public expense; that the printing and distribution of ballots and all other expense connected with or growing out of the provisions of the act shall be paid by the townships and cities of the first and second class, and that it shall be the duty of the county commissioners to apportion such expense among the townships and cities in proportion to the vote cast. Section 2 provides that the printing and distribution of ballots for any general election shall be paid for by the county; then defines the term "general election" as therein used. The November, 1896, election, for which the printing in question was done, was a general election. We now turn to section 18, which provides, in substance, that the county clerk shall cause to be published, prior to the day of election, in at least two newspapers, a list of all nominations made as near as may be in the form in which they shall appear on the general ballot. The county clerk is the representative of the county. He, as such officer, is required to cause the list to be published. The county is primarily liable to the publisher for the printing of the list. We are of the opinion that under the law the county is liable for the payment of the bill for printing the lists of nominations, and therefore, that

the petition states a cause of action. We do not desire to express any opinion upon the ultimate liability of the township or city. That question can be settled when properly presented.

The only other question is, Did the court err in directing the jury to return a verdict for the plaintiff? And this must be answered in the negative. The defendants claim that a contract for the printing was made by the county clerk at a rate of fifty per cent. of legal rates. There were only two witnesses examined upon this question. Nesbit, the plaintiff below, positively denied that any such contract was made. The other witness, August Soller, the county clerk, testified, in substance, that some time before he knew whether he could give the printing to the plaintiff's paper he had a conversation with Nesbit, and that it was agreed that Nesbit should charge one-half of the legal rate for the publication thereof. The further examination of the witness shows that he had not given the printing to the plaintiff until long after this conversation. Nothing was said by either party as to the price to be charged or paid when the printing was awarded to the plaintiff. From this evidence, it appears that at the time of the alleged agreement the printing was not given to the plaintiff, nor was it promised to him. The county clerk informed the plaintiff that he could not at that time award the printing to any one, as he was waiting for instructions from the attorney-general. The evidence does not purport to fix any price at which the plaintiff agreed to do the printing, and in the absence of any agreement to the contrary the plaintiff would be entitled to the legal rates for the printing done. The court properly directed the jury to return a verdict for the amount claimed.

The judgment must be affirmed.